```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of Cemex Construction Materials Florida, LLC, a Delaware Limited Liability Company, f/k/a Rinker Materials of Florida, Inc., * * * * * | |
| Plaintiff, * | CASE NO. 4:09-CV-90 (CDL) |
| vs. * * | |
| PHOENIX CONSTRUCTION SOLUTIONS, LLC, a Florida Limited Liability Company, *et al.*, * * | |
| Defendants. * | |

## O R D E R

Plaintiff brings this action under the Miller Act, 40 U.S.C. § 3131 *et seq.* ("Miller Act"), seeking payment for construction materials it provided for a construction project at Fort Benning, Georgia. Presently pending before the Court are Defendant The Guarantee Company of North America's Motion to Dismiss or, in the alternative, Motion for a More Definite Statement (Doc. 19) and Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 39). For the following reasons, the Court grants Plaintiff's motion for leave to file an amended complaint. Since The Guarantee Company of North America is not named as a Defendant in Plaintiff's proposed amended complaint, its presently pending motion to dismiss is now moot.

The Federal Rules of Civil Procedure provide that "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading[.]"  Fed. R. Civ. P. 15(a)(1)(B).  After that time has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  A "court should freely give leave when justice so requires."  *Id.*  "[T]rial courts have broad discretion in permitting or refusing to grant leave to amend." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006).

Plaintiff filed its Complaint on August 4, 2009.  Plaintiff filed an Amended Complaint on August 13, 2009 before being served with a responsive pleading.  Plaintiff is not allowed to amend its Complaint again as a matter of course.  Plaintiff therefore seeks leave to file a second amended complaint to "clarify the correct parties to this lawsuit."  (Pl.'s Mot. for Leave to File 2d Am. Compl. 2.)  The Court observes that no scheduling order has been entered and that no Defendant has objected to Plaintiff's motion. Therefore, the Court finds that Plaintiff should be permitted to amend its Complaint a second time.  Accordingly, Plaintiff's Motion for Leave to File a Second Amended Complaint is hereby granted.

The Court further observes that Plaintiff's proposed Second Amended Complaint omits the following Defendants:  (1) Turner

2

Insurance and Bonding Company, Inc.[1]; (2) Richard F. Ferrucci & Associates, LLC; (3) Phoenix/McBride, a Joint Venture, consisting of Phoenix Construction Solutions, LLC, and McBride Construction Company, Inc.; and (4) The Guarantee Company of North America, USA. (Ex. A to Pl.'s Mot. for Leave to File 2d Am. Compl., 2d Am. Compl. Against Payment Bond and for Damages.)  Therefore, Plaintiff's claims against Richard F. Ferrucci & Associates, LLC, Phoenix/McBride, and The Guarantee Company of North America, USA are dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 39) is granted.  That ruling makes Defendant The Guarantee Company of North America's Motion to Dismiss or, in the alternative, Motion for a More Definite Statement (Doc. 19) moot.

IT IS SO ORDERED, this 31st day of March, 2010.

                                                S/Clay D. Land
                                                     CLAY D. LAND
                                  UNITED STATES DISTRICT JUDGE

---

[1] Turner Insurance and Bonding Company, Inc. was dismissed from this action with prejudice pursuant to a February 9, 2010 stipulation.