IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

```
UNITED STATES OF AMERICA, for        *
the use and benefit of Cemex
Construction Materials Florida,      *
LLC, a Delaware Limited
Liability Company, f/k/a Rinker      *
Materials of Florida, Inc.,
                                     *
     Plaintiff,                              CASE NO. 4:09-CV-90
                                     *
vs.
                                     *
PHOENIX CONSTRUCTION SOLUTIONS,
LLC, a Florida Limited Liability     *
Company, et al.,
                                     *
     Defendants.
                                     *
```

O R D E R

Plaintiff Cemex Construction Materials Florida ("Cemex") obtained a default judgment in the amount of $2,163.50, plus interest, from Defendants Phoenix Construction Solutions, LLC and Trevor Pant ("Phoenix Defendants") after the Phoenix Defendants "failed to appear, plead, or otherwise defend in this action." Default J., Dec. 9, 2010, ECF No. 69. Cemex now seeks attorney's fees and costs under Federal Rule of Civil Procedure 54(d). Cemex asks the Court to award attorney's fees in the amount of $14,150.00 and costs in the amount of $1,578.90. For the reasons set forth below, Cemex's Motion for Attorney's Fees and Costs (ECF No. 71) is granted in part and denied in part. Cemex is awarded attorney's fees

in the amount of $2000.00 and costs in the amount of $470.00 against the Phoenix Defendants.

## DISCUSSION

Under Federal Rule of Civil Procedure 54(d)(1), "costs-other than attorney's fees-should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). In addition, Federal Rule of Civil Procedure 54(d)(2) provides that a party may seek "attorney's fees and related nontaxable expenses." Fed. R. Civ. P. 54(d)(2). To recover under Rule 54(d)(2), the movant must specify "grounds entitling the movant to the award." Fed. R. Civ. P. 54(d)(2)(B)(ii).

This is a breach of contract action. Cemex and the Phoenix Defendants had an agreement under which Cemex provided construction materials to the Phoenix Defendants in exchange for payment. Mot. for Att'y's Fees & Costs Ex. A, Credit Application, ECF No. 71-1. The Phoenix Defendants agreed that "If it becomes necessary to effect collections, both I (we) and the business will pay reasonable attorney fees and court costs." *Id.* Cemex brought this breach of contract action to recover payment for construction materials they provided to the Phoenix Defendants. Cemex prevailed against the Phoenix Defendants by obtaining default judgment against them, and Cemex is therefore entitled to reasonable attorney's fees and court costs under the contract. Accordingly, the Court finds that an award

2

of attorney's fees and costs is authorized against the Phoenix Defendants.[1]

The question, therefore, is how much the Court should award in attorney's fees and costs. In support of its Motion for Attorney's Fees and Costs, Cemex submitted a list of hours expended and fees charged by its attorney, Mr. Ronald Dobelstein. Dobelstein Aff. Ex. 1, ECF No. 72-1. Cemex seeks to recover for all of the time that Mr. Dobelstein spent on the entire matter—70.75 hours—at a rate of $200 per hour. However, Cemex only prevailed against the Phoenix Defendants and is therefore only entitled to attorney's fees and costs associated with prosecuting the action against those Defendants. Given that the Phoenix Defendants defaulted, Mr. Dobelstein did not need to spend significant time in preparing a case against them. Based on the Court's review of the file, Mr. Dobelstein prepared and filed an uncomplicated Complaint, prepared and filed an uncomplicated Amended Complaint, arranged for process to be served on the Phoenix Defendants, filed an application for entry of default as to the Phoenix Defendants, filed a motion for default judgment as to the Phoenix Defendants, and filed a motion for

---

[1] Cemex did not address whether attorney's fees and costs authorized by a "prevailing party" contract clause are considered damages or costs under Georgia law. Defendants did not respond to Cemex's Rule 54(d) motion and thus did not address the issue. The Court finds it unnecessary to decide this issue; even if the attorney's fees and costs were properly considered damages rather than costs, the Court could award the attorney's fees and costs as part of Cemex's contract damages.

3

attorney's fees and costs as to the Phoenix Defendants. The Court finds that it was reasonable for Mr. Dobelstein to spend ten hours on these efforts. The Court therefore awards Cemex attorney's fees in the amount of $2,000.00.

In support of its claim for costs, Cemex submitted an itemized list of costs associated with the entire matter. Dobelstein Aff. Ex. 2, ECF No. 72-2. The Court has reviewed the list, and only three of the costs appear to have been reasonably incurred to prosecute this action against the Phoenix Defendants: (1) the clerk's $350.00 filing fee, 8/4/2009; (2) process server fee of $60 for "Phoenix," 9/18/2009; and (3) process server fee of $60 for "Trevor Paint," 9/18/2009. *Id.* Accordingly, the Court awards Cemex costs in the amount of $470.00.

## CONCLUSION

As discussed above, Cemex's Motion for Attorney's Fees and Costs (ECF No. 71) is granted in part and denied in part. Cemex is awarded attorney's fees in the amount of $2000.00 and costs in the amount of $470.00 against the Phoenix Defendants.

IT IS SO ORDERED, this 7th day of February, 2011.

S/ Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE
